IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

JOHNATHAN RAY RIVERA (05)

NO. 2:26-CR-040-Z (05)

## FACTUAL RESUME

In support of Johnathan Ray Rivera's plea of guilty to the offense in Count Eleven of the indictment, Rivera, the defendant, David Sloan, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Eleven of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Fentanyl, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact fentanyl; and

*Third.* That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

## STIPULATED FACTS

1. Johnathan Ray Rivera admits and agrees that on April 9, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On April 9, 2026, Drug Enforcement Administration (DEA) agents obtained a search warrant for the residence of Johnathan Ray Rivera, located at 4301 South Lipscomb Street #B, Amarillo, Texas. Agents surrounded the residence and called out the individuals inside the residence. Several individuals exited the residence and were detained by agents for further investigation.

3. During the execution of the search warrant, DEA Task Force Officer (TFO) Jose Barron spoke to Johnathan Rivera by cellphone. Rivera asked TFO Barron not to destroy his mother's residence during the execution of the search warrant. Rivera stated that what the DEA was looking for was in a safe in Rivera's bedroom. Rivera admitted that he was holding fentanyl for OD Matthews. Rivera stated that he would distribute the pills when Matthews instructed him to do so. Rivera stated that he did not know how many fentanyl pills he had in his safe. Rivera refused to meet with officers on that day.

4. A female at the residence opened Rivera's safe for officers. Officers located a plastic bag with blue M-30 fentanyl pills inside the safe. The pills had a gross

weight of 67.5 grams. This amount of fentanyl is consistent only with distribution, not personal use.

5. On April 10, 2026, Rivera agreed to meet with law enforcement officers and turn himself in. After Rivera was placed under arrest, DEA agents conducted an interview with Rivera. An agent read Rivera his *Miranda* warnings. Rivera waived his rights and agreed to make a statement. During the interview, Rivera admitted to purchasing marijuana from Matthews. Over time, Rivera became indebted to Matthews. Rivera stated that Matthews offered to have Rivera repay the debt by holding fentanyl pills and delivering them to individuals as directed. Rivera admitted to providing pills to Nicholas Vagrosky at the direction of Matthews a total of five times, each delivery being 70-100 pills.

6. The plastic bag of suspected fentanyl pills was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, fentanyl, a Schedule II controlled substance. The substance had a total net weight of 10.615 grams.

7. Rivera admits that on April 9, 2026, he knowingly possessed with intent to distribute a controlled substance, namely fentanyl, a Schedule II controlled substance.

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Eleven of the indictment.

AGREED TO AND STIPULATED on this 25th day of August, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

Johnathan Ray Rivera
Defendant

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

David Sloan
Attorney for Defendant